

**SEALED**  **FILED JUN 25 2019 CLERK OF THE COURT U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF One ZTE Cellphone, S/N: 32C374371AB3, and One HP 15-BS212WM Laptop Computer, Currently Located at 3161 W. White Oaks Drive, Suite #201, Springfield, Illinois 62704 | Case No. 19-mj-3097<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Vincent Pescitelli, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of two electronic devices which are currently in law enforcement possession, and the extraction from those devices of electronically stored information described in Attachment B.

2. I am a Special Agent with the United States Secret Service (USSS), and have been so employed since April 1999. I am presently assigned to the Springfield Resident Office. Among my duties is the investigation of counterfeit Federal Reserve Notes. As a Special Agent with the USSS, I am authorized to make arrests for any offense against the United States committed in my presence or for any felony cognizable under the laws of the United States, in accordance with 18 U.S.C. § 3056.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**IDENTIFICATION OF THE DEVICES TO BE EXAMINED**

4. The property to be searched is one ZTE Cellphone, S/N: 32C374371AB3, and one HP 15-BS212WM Laptop Computer (collectively "SUBJECT DEVICES"), currently located at the USSS Springfield Resident Office, 3161 W. White Oaks Drive, Suite #201, Springfield, Illinois 62704.

5. The applied-for warrant would authorize the forensic examination of SUBJECT DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. I apply for this warrant stating that there is probable cause to believe that violations of 18 U.S.C. §§ 471 (falsely making and counterfeiting obligations of the United States) and 472 (passing, publishing, selling or possessing counterfeit obligations of the United States) have been committed, and evidence of such violations exists on SUBJECT DEVICES.

7. On June 12, 2019, I was provided information from Special Agent Marc Ramminger, Federal Bureau of Investigation, Springfield, IL, regarding an individual suspected of manufacturing and possessing counterfeit Federal Reserve Notes, or U.S. Currency. The reporting individual was identified as Casey Gibson, the property manager of Ridgebrook Apartments, located at 1601 S. 24th Street, Quincy, IL.

8. Continuing on this date, I contacted Gibson regarding her report. Gibson advised that she is the property manager of the apartment complex and that during the week of June 4, 2019, she was conducting apartment inspections with maintenance supervisor, Justin McKinney, and complex owner, Chris Holm. During an inspection of Unit #410, Gibson stated that McKinney observed what he believed to be the evidence of the manufacturing of counterfeit U.S. Currency. According to Gibson, McKinney took photographs of the suspected counterfeit U.S. Currency.

9. On June 6, 2019, Gibson conducted a follow-up of the June 4, 2019 inspection of the apartment unit in question. On this date, Gibson observed several cut and uncut sheets of suspected counterfeit U.S. Currency, as well as several printers, cutting devices, ink cartridges, and paper.

10. Gibson further stated that she obtained five (5) suspected counterfeit $1 Federal Reserve Notes, of which she took possession. Each of the five (5) suspected counterfeit $1 Federal Reserve Notes bore a serial number of H40349408A or H79271812A. This is an

indication of counterfeit bills, as all legitimate U.S. Currency bills within a specific denomination bear a unique serial number.

11. Gibson identified the apartment tenant as Guenta Prancane. Gibson advised that Prancane is the only tenant listed on the rental agreement.

12. Gibson subsequently provided me with the photographs taken in 1601 S. 24th Street, Apt. 410, Quincy, IL, on June 4, 2019 and June 6, 2019. In reviewing these photographs, I observed several printers, a computer box, a package of paper, and sheets of paper containing images of suspected counterfeit Federal Reserve Notes, including front and back plate images. I also observed what appeared to be several Federal Reserve Notes in a bag, some of which appeared to be counterfeit.

13. On June 12, 2019, Quincy Police Department Det. Kristopher Billingsley interviewed McKinney. McKinney advised that upon inspecting 1601 S. 24th Street, Apt. 410, Quincy, IL, Gibson walked into the living room and observed several empty bags lying on the floor. McKinney said he went towards the back of the

apartment and checked on the bedroom, located in the back, right hand corner from the entrance. Upon looking into the closet, McKinney stated that he observed bags, similar to clear Wal-Mart bags, in the back corner with money in them. Upon closer inspection, McKinney stated he saw one bag that contained a $10.00 and $1.00 bill (face side up) on a piece of paper. McKinney also observed another bag containing loose U.S. Currency inside of it. McKinney said he looked in the bag and the money appeared fake. McKinney also observed that several of the bills had similar serial numbers on them.

14. McKinney advised there were at least two printers on the floor. McKinney located two red Cannon printer boxes in the closet on the opposite side from the bags with U.S. Currency. McKinney walked out and spoke with Gibson. McKinney remembered observing two white printers and one black printer lying on the floor in the living room.

15. Continuing on this date, Detective Billingsley obtained the five (5) suspected counterfeit $1 Federal Reserve Notes from Casey Gibson. Two (2) of the counterfeit $1 Federal Reserve Notes

bore serial number H79271812A and three (3) of the counterfeit $1 Federal Reserve Notes bore serial number H40349408A.

16. I received a copy of the Ridgebrook Apartment Lease which listed Guenta Prancane as the tenant of the residence in question. The rental agreement began on May 2, 2019 and ends on April 30, 2020.

17. Based on the above and pursuant to a federal search warrant, law enforcement officers searched the residence in question on June 14, 2019. During the search, several items related to the manufacturing of counterfeit U.S. Currency, including several counterfeit Federal Reserve Notes, printers, a cutting device, packs of paper, used ink cartridges, miscellaneous receipts, and genuine Federal Reserve Notes, were seized. Also found and seized during the search were SUBJECT DEVICES, which are currently in the lawful possession of the USSS. Therefore, while the USSS might already have all necessary authority to examine SUBJECT DEVICES, I seek this additional warrant out of an abundance of caution to be certain that an examination of SUBJECT DEVICES will comply with the Fourth Amendment and other applicable laws.

18. SUBJECT DEVICES are currently in storage at the USSS Springfield Resident Office, 3161 W. White Oaks Drive, Suite #201, Springfield, Illinois 62704. In my training and experience, I know that SUBJECT DEVICES have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when SUBJECT DEVICES first came into the possession of the USSS.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the devices. This information can sometimes be recovered with forensics tools.

20. There is probable cause to believe that things that were once stored on SUBJECT DEVICES may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered

months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system

configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

    21. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how SUBJECT DEVICES were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on SUBJECT DEVICES because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been

deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

     b. Forensic evidence on a device can also indicate who has used or controlled the devices. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

     c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence

in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

      d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

23.  *Manner of execution.*  Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

24.  I submit that this affidavit supports probable cause for a search warrant authorizing the examination of SUBJECT DEVICES

described in Attachment A to seek the items described in Attachment B.

## REQUEST FOR SEALING

25. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

s/Vincent Pescitelli
_____
Vincent Pescitelli
Special Agent, United States
Secret Service

Subscribed and sworn to before me
on June 25, 2019:

s/Sue E. Myerscough
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

The property to be searched is one ZTE Cellphone, S/N: 32C374371AB3, and one HP 15-BS212WM Laptop Computer (collectively "SUBJECT DEVICES"). SUBJECT DEVICES are currently located at the USSS Springfield Resident Office, 3161 W. White Oaks Drive, Suite #201, Springfield, Illinois 62704

This warrant authorizes the forensic examination of SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records on SUBJECT DEVICES described in Attachment A that relate to violations of 18 U.S.C. §§ 471 (falsely making and counterfeiting obligations of the United States) and 472 (passing, publishing, selling or possessing counterfeit obligations of the United States), including:

    a. Names or lists of co-conspirators and related identifying information;

    b. Documents, templates, or other items useful in manufacturing counterfeit currency;

    c. All bank records, checks, credit card bills, account information, and other financial records.

2.  Evidence of user attribution showing who used or owned SUBJECT DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by

whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.